IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TECSERVE, a Utah corporation dba Stoneware Partners and L. James Ellsworth,<br><br>　　　Plaintiffs,<br><br><br><br><br>　　　　　vs.<br><br><br>STONEWARE, INC., an Indiana corp.,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE AND TRANSFERRING CASE<br><br><br><br><br><br>Case No. 2:08-CV-144 TS |

I.  INTRODUCTION

These matters are before the court on Defendant Stoneware's Motion to Dismiss or, in the Alternative, to Transfer Venue on the basis that Plaintiff TecServe's claims were improperly filed in Utah rather than Indiana, and that Plaintiff Ellsworth's claim fails to state a claim on which relief can be granted.[1]   The Court finds that TecServ's major claims and Plaintiff Ellsworth's sole claim are governed by a forum selection clause requiring they be

---

[1]Docket No. 8.

brought in state or federal court in Indiana.  Accordingly, the Court grants the Motion and transfers this case to the District of Indiana.

## II. BACKGROUND

Plaintiff TecServ, Inc. is a Utah corporation with its principal place of business in Salt Lake City, Utah.  Plaintiff L. James Ellsworth (Ellsworth) is TecServe's Chief Executive Officer (CEO) and is a resident of Salt Lake County, Utah.  Defendant is Stoneware Inc. (Stoneware) an Indiana corporation with its principal place of business in Indianapolis, Indiana.

Stoneware is in the business of developing software.  In 2007, TecServ entered into negotiations with Stoneware to acquire an ownership interest in its company.  On June 21, 2007, TecServ and Stoneware entered into a non-binding letter of intent (LOI) outlining TecServ's proposal to purchase some or all of the capital stock of Stoneware.  Among the terms of the LOI was one prohibiting Stoneware from hiring any new employees for a certain period of time.[2]

The parties' negotiations broke down and the parties ended their negotiations on August 27, 2007, by signing a Termination Agreement and Release (Termination Agreement).  The Termination Agreement's "effective date" was August 27, 2007.[3]  The Termination Agreement contains an integration clause rendering it "the entire agreement of the parties concerning its subject mater."[4]  On behalf of TecServ, Ellsworth conducted

---

[2]Docket No. 11-2, LOI, ¶ 6(v).
[3]Docket No. 9-2, (Termination Agreement) at 1.
[4]*Id*. at ¶ 5.

the negotiations leading to the Termination Agreement and signed the Termination

Agreement as TecServ's CEO.

In addition, the Termination Agreement provides as follows:

2. <u>Release by TecServ.</u> TecServ hereby irrevocably and unconditionally releases and forever discharges Stoneware and its directors, shareholders, officers, representatives, employees, agents and assigns from any and all claims, debts, liabilities, demands, obligations, actions and causes of action (collectively, "Claims"), relating to the LOI and with respect to all periods on or before the Effective Date (whether or not such Claims are known or unknown, choate or inchoate).

3. <u>Complete Defense.</u>  TecServ hereby (a) acknowledges and agrees that this Agreement shall be a complete defense to any Claim released under paragraph 2 above; (b) agrees not to pursue any Claim released under paragraph 2 above against Stoneware or any other persons released under paragraph 2 above; and (c) consents to entry of a temporary or permanent injunction to prevent or end the assertion of any such Claim.

8.    <u>Applicable Law; Venue.</u>  This agreement shall be governed by and construed in accordance with the laws of the state of Indiana, without regard to such jurisdiction's conflict of laws principles.  Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement shall be brought against any of the parties in the courts of the State of Indiana, Marion County, or if it has or can acquire jurisdiction, in the United States District Court for the Southern District of Indiana (Indianapolis Division), and each of the parties consents to the jurisdiction of such courts (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein.

In September of 2007, TecServ asserted the existence of an extra-contractual oral

agreement between it and Stoneware that would allow TecServ to purchase Stoneware's

stock.  Tecserv alleges Ellsworth negotiated and entered into the alleged oral agreement

on TecServ's behalf on August 16, 2007,[5] shortly before the parties entered into the

---

[5]Complaint, at ¶¶ 27, 30-33.

Termination Agreement.

On September 17, 2007, Stoneware filed a declaratory judgment lawsuit in the United States District Court for the Southern District of Indiana in accordance with the forum-selection clause in the Termination Agreement (the Indiana Case).  In the Indiana Case, Stoneware asserts its rights under the release and integration clauses of the Termination Agreement,[6] and also seeks to recover against TecServ on invoices for software and related services.[7]  Stoneware did not serve TecServ in the Indiana Case within 120 days as required by Fed. R. Civ. P. 4(m).[8]  On February 4, 2008, the Indiana court issued an Order to Show Cause why Stoneware's Complaint should not be dismissed for failure to serve TecServ.  On February 21, 2008, TecServ moved to dismiss Stoneware's Indiana Complaint under Rule 4(m),[9] the Order to Show Cause was discharged,[10] and Stoneware filed its response in opposition to the motion to dismiss the Indiana case.  That motion is pending in the Indiana Court.

On January 30, 2008, TecServ filed the current action in the Third Judicial District Court, for Salt Lake County, State of Utah.  On February 21, 2008, Stoneware removed this action to this Court.

In the present action, TecServ brings the following claims against Stoneware: breach of contract; breach of the implied covenant of good faith and fair dealing; specific

---

[6]Docket No. 9-6 (complaint in Indiana case), at ¶¶ 16-17, 21, 24, 27-29.
[7]*Id*. at ¶¶ 11-13, 18-19, and 30-32.
[8]Fed. R. Civ. P. 4(m).
[9]*Id.*
[10]Docket No. 11, Ex. C, at 2 (copy of docket sheet for Indiana Case).

4

performance; misappropriation, breach of fiduciary duty, determination of rights, and account in connection with an alleged partnership/joint venture; conversion based on misappropriation of accounts receivable; conversion of other property; misappropriation of trade secrets; unjust enrichment, and fraud in the inducement of the Termination Agreement.  In addition, Plaintiff Ellsworth brings one claim for declaratory judgment against Stoneware.[11]  Ellsworth's claim is based on the allegation that Stoneware and TecServe entered an oral agreement whereby Stoneware agreed to convey 10% of its stock to TecServe, "and/or its shareholders" and also gave TecServe "and/or its shareholders" an opportunity to acquire up to 25% more stock.[12]

Stoneware moves to dismiss TecServ's claims against it for two reasons: first, for improper venue based upon the venue selection clause; second, because Stoneware contends that the claims against it were compulsory counterclaims in the Indiana Action. Stoneware also moves to dismiss Ellsworth's claim against it for failure to state a claim upon which relief can be granted.

## II.  STANDARD

A party may move a court to dismiss an action based on "improper venue."[13] In the alternative, a court may also transfer the matter to a more appropriate venue, if it be in the interest of justice.[14] "A motion to dismiss based on a forum selection clause frequently is

---

[11]Complaint, at ¶87-89 (eighth cause of action).
[12]Id. at ¶ 32.
[13]Fed. R. Civ. P. 12(b)(3).
[14]28 U.S.C. § 1406(a).

analyzed as a motion to dismiss for improper venue under Fed.R.Civ.P.12(b)(3)." [15]  Rule 12(b)(3) states that a party may move to dismiss the action for "improper venue." [16]  If venue is improper, the court may either dismiss or, if it be in the interest of justice, transfer such case to the proper court where venue is appropriate. [17]

Stoneware also moves to dismiss Ellsworth's claim for the failure to state a claim under Fed. R. Civ. P. 12(b)(6).   In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to TecServ as the nonmoving party. [18]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[19]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[20]  But, the court "need not accept conclusory allegations without supporting factual averments."[21]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to

---

[15]*Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992).

[16]Fed. R. Civ. P. 12(b)(3).

[17]28 U.S.C. § 1406(a).

[18]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[19]*Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[20]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[21]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

state a claim for which relief may be granted." [22]

> However, the Supreme Court recently prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  The Court explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.  Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. [23]

### III.  DISCUSSION

TecServ does not dispute the validity of the venue provision; the issue is only whether it covers TecServ's claims against Stoneware.  Stoneware contends that under the forum selection clause, or venue provision,[24] the only proper venue is Indiana. Stoneware contends that TecServ's claims fall under the forum selection clause, and would therefore require these claims to be adjudicated in the United States District Court for the Southern District of Indiana (Indianapolis Division).

Parties are free to contract into venue selections clauses, if they so choose.[25]  Such clauses are "*prima facie* valid and should be enforced unless enforcement is shown by the

---

[22]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[23]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177. (10th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1969, 1974).

[24]*See Jones v. KP&H LLC*, 2008 WL 2805444, 3 (10th Cir. July 22, 2008) (noting case law has clarified "that the term 'forum selection clause' refers only to 'agreements which clearly confine litigation to specific tribunals,' as opposed to specific venues which may contain multiple acceptable tribunals.") (quoting *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 581 (10th Cir. 1997)). The Court cites *Jones*, an unpublished case, for its persuasive value. *Id.* at 3 n.4.

[25]*Breman v. Zapata*, 407 U.S. 1, 11-12 (1972).

resisting party to be unreasonable under the circumstances."[26] "Before [a] Court can make

a determination regarding whether such a forum selection clause is valid or enforceable,

it must first determine which agreement or agreements apply to this action as between the

parties at bar."[27]

    The Termination Agreement provides that it shall be construed and governed

under Indiana law.  Accordingly, the Court applies Indiana law to this motion to dismiss for

improper venue based on the Termination Agreement's venue provision.[28]

    Applying Indiana law, in the case *Dexter Axle Co. v. Baan USA, Inc.*,[29] the Indiana

Court of Appeals adopted the Seventh Circuit's position that tort and statutory claims

arising out of a contract are subject to that contract's forum selection clause:

> As for the fact that the defendants are charged with fraud rather than breach
> of contract, this can get the plaintiff nowhere in its efforts to get out from
> under the forum-selection clause. Not only does the clause refer to disputes
> concerning the contractual relationship between the parties, however those
> disputes are characterized. More important, a dispute over a contract does
> not cease to be such merely because instead of charging breach of contract
> the plaintiff charges a fraudulent breach, or fraudulent inducement, or
> fraudulent enforcement.  The reason is not that contract remedies always
> supersede fraud remedies in a case that arises out of a contract; sometimes
> they do, sometimes they don't.  It is that the existence of multiple remedies
> for wrongs arising out of a contractual relationship does not obliterate the
> contractual setting, does not make the dispute any less one arising under or
> out of or concerning the contract, and does not point to a better forum for

---

[26]*Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992); *Dexter Axle Co. v. Baan USA, Inc.*, 833 N.E.2d 43, (Ind. App. 2005).

[27]*Energy Solutions, Inc. v. Conn. Yankee Atomic Power Co.*, 2007 U.S. Dist. LEXIS 30973, at *3, No. 2:06-CV-951 TS (D. Utah, April 26, 2007).

[28]*Jones*, 2008 WL 280544, 3 (citing *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 427-28 (10th Cir. 2006)).

[29]833 N.E.2d 43 (Ind. Ct. App. 2005) (citing *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884 (7th Cir. 2004)).

adjudicating the parties' dispute than the one they had selected to resolve their contractual disputes.

We completely agree with this analysis. Accordingly, [plaintiff's] tort and statutory claims that arise out of the Consulting Agreement are subject to the forum selection clause and must be litigated in California.[30]

Accordingly, the Court rejects TecServ's argument that its claims are outside the forum selection clause because TecServe has cast its claims as "non-contractual tort or statutory claims."[31]  Instead, the Court examines whether the claims are within the scope of the forum selection clause, no matter how those claims are characterized in artful pleading.

TecServ contends that the venue provision does not apply because it is not "seeking to enforce any provision of" the Termination Agreement and its claims are not "based on any right arising out of" the Termination Agreement.  Instead, TecServ agues it is seeking to enforce a separate oral agreement.

Stoneware contends that the venue provision covers any claim based on any right arising out of the Termination Agreement, including the release of all claims "related to" the LOI, "*and* with respect to all periods on or before" the August 27, 2007 effective date.

Because the Complaint alleges that the oral agreement was concluded on August 16, 2007—a date before the effective date of the Termination Agreement—any claim based on the alleged oral agreement constitutes a claim with respect to the period before the Termination Agreement's effective date.  Further, TecServ's fraud in the inducement

---

[30]*Id*. at 50 (quoting *Am. Patriot Ins.*, 364 F.3d at 889) (internal citations omitted).
[31]Pls' Mem. at 10.

9

claim alleges the purpose of the alleged false statements was to induce the signing of the Termination Agreement and thereby allow the hiring of certain employees.[32]  This  hiring was expressly prohibited by the LOI but expressly allowed under the Termination Agreement.[33]  Similarly, TecServ alleges that a significant part of its consideration for the oral agreement was its agreement to terminate the LOI and allowing the hiring of those certain employees—rights only arising out of the Termination Agreement.[34]

The Court finds that resolution of these claims necessarily involves construing the Termination Agreement because, by its plain language, the Agreement covers all such claims.  Accordingly, the Court finds that the claims herein alleging the existence of a separate oral agreement and alleging fraud in the inducement of the Termination Agreement arise out of termination agreement and therefore trigger its venue selection clause.[35]

The Utah cases cited by TecServ, *Sorenson v. Riffo*,[36] and *EnergySolutions, Inc. v. Connecticut Yankee Atomic Power Co.*,[37] are not to the contrary.  Those cases apply Utah law, not Indiana law.  Further, in *EnergySolutions*, the Court found that it was not necessary to adjudicate the rights of the parties under the contract containing the

---

[32]Complaint, ¶ ¶ 32, 39, 41.

[33]*Id*. at ¶ ¶ 39 and 41, Termination Agreement, at ¶ 4.

[34]*Id*. at ¶ 39 (alleging that in the time frame after the alleged oral agreement, the LOI, "precluded the hiring of the sales professionals" and Stoneware insisted that the parties terminate the LOI in order to achieve Stoneware's objectives).

[35]*Id*. (citing *Omron Healthcare*, 28 F.3d at 603 for its holding that "all disputes the resolution of which arguably depend on the construction of an agreement arise out of that agreement for purposes of . . . a forum selection clause").

[36]2007 U.S. Dist. LEXIS 33550 (D. Utah May 7, 2007).

[37]2007 U.S. Dist. LEXIS 30973 (D. Utah April 26, 2007).

arbitration clause in order to resolve the claims in that case.[38]   Thus, because the contract

was "not materially relevant" to the resolution of the claims in *EnergySolutions*, that

contract's forum selection clause was "not triggered"[39]—a very different situation than the

present case.

The Court finds that under Indiana law, Ellsworth's claims are also subject to the

forum selection clause.   "[C]ourts in this country . . . enforce forum selection clauses in

favor of non-parties  'closely related' to a signatory."[40]   "In order to bind a non-party to a

forum  selection  clause,  the  party  must  be  'closely  related  to  the  dispute  such  that  it

becomes 'foreseeable' that it will be bound.[41]

The  Complaint  alleges  it  was  Stoneware  and  TecServ  that  made  the  oral

agreement.[42]   Under the facts as alleged in the Complaint, Ellsworth, as a shareholder, is

a third-party beneficiary of TecServe's alleged oral agreement between TecServe and

Stoneware.  Such third-party beneficiaries "of a contract would, by definition, satisfy the

---

[38]*Id*. at *3.

[39]*Id*.

[40]*Frietsch v. Refco, Inc.*, 56 F.3d 825, 827-28 (7th Cir. 1995) (allowing Defendant brokerage firm to invoke choice of forum clause enforcing in investment contract between foreign investors and trustees of investment pool); *Hugel v. The Corp. of Lloyd's*, 999 F.2d 206, 209-10 (7th Cir. 1993) (allowing defendant signatory of contract with venue selection clause to enforce it against signatory plaintiff, as well as two non-signatory plaintiff corporations owned and controlled by signatory plaintiff); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983), *rev'd on other grounds* (apply forum selection clause to third party beneficiary); *see also Hasler Aviation, L.L.C. v. Aircenter, Inc.* 2007 WL 2463283, 6 (E.D. Tenn. 2007) (holding that foreseeable non-signatory of the forum selection clause may enforce it or have it enforced against them).

[41]*Hugel*, 999 F.2d at 209. *But see id*. at 210 n.7 (noting that third-party beneficiary status is not required if requirements otherwise met).

[42]Complaint at ¶ 32.

'closely related' and foreseeability' requirements'" imposed by courts for binding non-signatories to a forum selection clause.[43]  Because the forum selection clause applies to TecServ's claims based upon the alleged oral agreement, it also binds Ellsworth's claim, as a third-party beneficiary to the alleged agreement, for declaratory judgment on the alleged oral agreement.

Further, even if TecServe's and Ellsworth's  claims were not subject to the venue selection provision, this case would not proceed in this district due to the first-to-file rule. Under the first-to-file rule "where two courts have concurrent jurisdiction, generally the first court in which jurisdiction attaches has priority to consider the case."[44]  The Court finds none of the exceptions to the first filed rule apply to this case.[45]  Under the rule, the Indiana Court has priority to consider the case and this Court would decline jurisdiction even absent the venue selection clause.

Further, the existence of the venue selection clause in this case shows the wisdom behind the first-to-file rule because "[a] party to a forum selection clause may not raise in a different forum, even as a compulsory counterclaim, a dispute within the scope of that

---

[43]*Hugel*, 999 F.2d at 209-10 and n.7.

[44]*Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982).

[45]*See Agridyne Technologies, Inc. v. W.R. Grace & Co.-Conn*., 863 F.Supp. 1522, 1526 and n.3 (D. Utah 1994) (noting that the non-exclusive list comprising the sound reason exception "may be the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest") (quoting *Genentech, Inc. v. Eli Lilly & Co*, 998 F.2d 931, 938 (Fed. Cir. 1993), *overruled on other grounds, Wilton v. Seven Falls, Co*., 515 U.S. 277 (1995)) (enforcing forum selection clause against third-party beneficiary of contract).

clause."[46]   Thus, Stoneware could not enforce the Termination Agreement's release and defense clauses or otherwise rely on its rights arising out of the Termination Agreement as a counterclaim in this forum.  It would be barred by the forum selection clause from doing so even if those rights would otherwise be compulsory counterclaims herein.[47] Because Stoneware may not rely on or enforce its rights under the Termination Agreement's release clause in this venue, the compulsory counterclaim rule, and its issue preclusion effect, would not apply to those compulsory counterclaims.[48]   As noted above, Stoneware has already affirmatively asserted its rights under the Termination Agreement in the Indiana Case.[49]   As a result of the venue selection clause's restrictions on Stoneware, the failure to apply the first-to-file rule in this case would result in duplicative proceedings and may well result in inconsistent rulings.

Because the Court is ruling on the basis of the forum selection clause, the Court need not address Stoneware's arguments that Ellsworth's claims should be dismissed under Rule 12(b)(6) or  its arguments that the claims herein are compulsory counterclaims in the Indiana case.  In view of the forum selection clause, those arguments are more appropriately addressed to the Indiana court.

IV.  ORDER

---

[46]*Kenray, Inc. v. Judson Atkinson Candies, Inc.*, 2002 WL 2012439, *3 (S.D. Ill. 2002) (quoting *Publicis Communication v. True N. Communications Inc.*, 132 F.3d 363 (7th Cir. 1997)).

[47]*Id.*

[48]*Sokkia Credit Corp. v. Bush*, 147 F.Supp. 2d 1101, 1105-06 (D. Kan. 2001) (citing *Publicis Comm'n*, 132 F.3d at 365).

[49]*See, e.g.* Docket No. 9-6 (Complaint in Indiana Case) at ¶¶ 16 and 24.

Based on the foregoing, t is therefore

ORDERED that Stoneware's Motion to Dismiss or, in the Alternative, to Transfer Venue (Docket No. 8) is GRANTED.  It is further

ORDERED that the hearing set for September 5, 2008, at 2:00 p.m. is VACATED. It is further

ORDERED that this case be transferred to the United States District Court for the Southern District of Indiana (Indianapolis Division).

DATED this 4th day of August, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge

14